Penny Manzulich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Bernard F. Scherer,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., September 28, 1977:

. This is an unemployment compensation appeal by the claimant in which the Bureau of Employment Security and the Referee refused benefits under the provisions of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (b)(1), on the ground that the claimant voluntarily quit her job. The Unemployment Compensation Board of Review (Board) initially disallowed the claimant's appeal on October 8, 1975. The claimant petitioned for reconsideration, and on December 1, 1975, the Board granted this request. A second hearing was then held before a referee sitting as a hearing officer, and the testimony taken was forwarded to the Board. On September 2, 1976, the Board again affirmed the denial of benefits, and the claimant then appealed to this Court. We affirm.

The claimant is a seamstress who worked for her employer off and on from March 1973. She began her last term of employment in October 1974. While there was a conflict in the testimony, the Board found that prior to the beginning of this last term of employment the claimant was informed that her forty hour work week would include Saturday work. After beginning her work, the claimant insisted that she would not work every Saturday. Her employer accommodated and the claimant was then required to work only every other Saturday. In February of 1975, however, the claimant informed her employer that she did not wish to work any Saturdays. The employer then split the claimant's work between herself and another employee, so that the claimant would only work twenty hours per week, but would not work on Saturdays. This change was instituted, but subsequently, on

March 7, 1975, the claimant terminated her employment.

The claimant advances two arguments to support her contention that she voluntarily terminated her work for a cause of a compelling and necessitous nature. First, the claimant relies on testimony given at the second hearing wherein she stated that she left her job because of dissatisfaction with the business practices of her employer. *See Zinman v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973). The Board of Review did not refer to this testimony in their final decision, but we note that there are ample grounds for concluding that the claimant did not leave her job over dissatisfaction with her employer's business practices. The claimant did not, at the first hearing, give dissatisfaction with her employer's business practices as a reason for her departure. Furthermore, the claimant from the time of her initial application for benefits listed dissatisfaction with work hours as the reason for her leaving work.

Secondly, claimant contends that in this case her dissatisfaction with working hours does constitute good cause for her termination of employment. This contention is based on claimant's testimony that she conditioned her renewed employment with Lewis Brothers on the absence of Saturday work. There was a conflict of testimony on this point, however, and the Board of Review resolved the conflict in favor of the employer. As noted earlier in this opinion, the employer testified that the claimant was fully informed of the need for Saturday work prior to beginning her last term of employment. We must, therefore, apply the normal rule that leaving employment over dissatisfaction with working hours does not constitute cause of a compelling and necessitous nature. *Owen v. Unemployment Compensation Board of Review,* 26

Pa. Commonwealth Ct. 278, 282, 363 A.2d 852, 854 (1976).

Accordingly, we will enter the following

ORDER

Now, September 28, 1977, the decision of the Unemployment Compensation Board of Review, No. B-128098-B, dated September 2, 1976, is affirmed.