Ernest Sparks, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Taylor Aspinwall,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 30, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) denying benefits to petitioner (claimant) on the grounds that he had voluntarily quit his employment. We affirm.

Claimant was last employed as an office clerk with a painting contracting firm. He worked there from July or August 1977 until March 3, 1978, when he resigned after his agreement of employment was not modified to include fringe benefits, specifically medical coverage, vacation time and sick leave or compensation time. At the time claimant was hired, nothing was said about such benefits; and the subject was not raised for several months, after which time claimant inquired about his benefits and was told that he would receive an answer from the company president. The issue arose two other times in January 1978 when claimant received pay deductions for days he was ill and did not report to work, but claimant received no answer from his employer. Claimant then resigned.

The Bureau of Employment Security[1] determined the claimant to be ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), finding that he had voluntarily quit his employment without necessitous and compelling reasons. Upon appeal, that determination was upheld by the referee on April 26, 1978; and the Board disallowed claimant's appeal in an order dated August 22, 1978.

Claimant's appeal to this Court rests on the argument that he had compelling reasons for leaving his employment after his employer neglected to clarify the policy concerning sick leave coverage. Claimant stresses his employer's past inconsistency in this area in that claimant had been absent on one occasion prior to his uncompensated absences and had not received a pay deduction for that absence.

According to claimant's own testimony before the referee, when claimant was hired the employment

---

[1] Now Office of Employment Security. *See* 9 Pa. B. 2879 (1979).

agreement made no mention of fringe benefits. He was informed of the salary range, duties, and hours; the issue of benefits and the claimant's subsequent resignation arose months later. Since continuing work was available to the claimant when he resigned, he has the burden of showing that he quit for a compelling cause. *Remington v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 380, 387 A.2d 1343 (1978). The record does not contain allegations by the claimant that his working conditions were onerous or unreasonable but merely contains evidence that the claimant was dissatisfied with the terms of the initial agreement. However, by accepting this agreement without mention of benefits, the claimant admitted to its initial suitability. This presumption of suitability must be overcome by the claimant with evidence of a change in the conditions of employment or evidence that he was deceived as to or not aware of conditions which subsequently became onerous. *Mosley v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974); *see Unemployment Compensation Board of Review v. Holtz*, 19 Pa. Commonwealth Ct. 316, 338 A.2d 690 (1975); *see also Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978). Claimant was not deceived as to whether benefits were forthcoming; they were merely not part of the agreement and therefore nonexistent.

Claimant's argument before this Court that the failure of his employer to inform him of the nature of fringe benefits offered was in violation of Section 4 of the 1977 amendments to the Wage Payment and Collection Law, Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. §260.4, is not properly before us. Since the claimant failed to raise that issue before the referee or the Board, the matter cannot be con-

sidered. *Zakrzewski v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 216, 381 A.2d 503 (1978).

Although we understand the claimant's frustration in his attempts to clarify a future policy for benefits, we agree with the referee's and the Board's determination that the claimant did not meet his burden of proving that his frustration was a cause of a necessitous and compelling nature. Instead, the record supports the conclusion that claimant voluntarily accepted a disadvantageous employment agreement and voluntarily quit after his attempts to alter that agreement failed. In this regard, we conclude that the findings of fact of the referee and Board are sufficient and are supported by substantial evidence.

Accordingly, we will enter the following

ORDER

AND Now, October 30, 1979, the Order of the Unemployment Compensation Board of Review, Decision No. B-163256, dated August 22, 1978, disallowing this appeal from a denial of benefits is affirmed.