Francis Ennis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges CRUM-
LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Paul A. Robb,* with him, *Lawrence D. Funsten,*
for petitioner.

*David Confer,* Assistant Attorney General, with
him, *William G. Dade,* Assistant Attorney General,
*Richard Wagner,* Chief Counsel and *Edward G.
Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 10, 1980:
Francis Ennis (claimant) appeals here from an
Unemployment Compensation Board of Review
(Board) decision disallowing his appeal from a
referee's determination that he was ineligible for un-
employment benefits and has also received a fault
overpayment.

The claimant, who is an unemployed accountant, responded to a newspaper advertisement for a full-time service technician with Kelly & Cohen (employer). He had done appliance-repair work in his home during his free time for approximately 19 years, and, although he indicated on his application that he desired full-time permanent work, he was initially hired on a part-time basis in October 1977. After approximately two weeks in this capacity, however, he signed a statement prepared by the employer to the effect that he would begin full-time work in December of 1977 and thereafter cease to do repair work in his home. Even so, he voluntarily terminated his employment in December rather than work full-time, and he then applied to the Bureau of Employment Security (Bureau) for benefits. He stated in his application for benefits that the nature of his employment with Kelly & Cohen was "seasonal part-time", and received benefits for four weeks. The Bureau then received a statement from the employer that the claimant had voluntarily terminated his employment, and it reversed its decision pursuant to Section 402 (b)(1) of the Unemployment Compensation Law (Law),[1] determining that the claimant had received a total of $560 in benefits to which he was not entitled and further that this money was recoupable under Section 804(a) of the Law, 43 P.S. §874.

The claimant appealed the Bureau's decision and a hearing was held before a referee at which he and the employer presented testimony. He testified that he refused to accept the full-time work because he wanted to be available to seek employment in the accounting field where he had worked for 19 years. He further testified that he had indicated that his em-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

ployment with Kelly & Cohen was seasonal part-time because he did not want his employer to be responsible for his benefits. The referee affirmed the Bureau and the Board subsequently affirmed the referee. This appeal followed.

The claimant contends that he was justified in refusing full-time work as an appliance repairman because such work was not suitable under the meaning of Section 4(t) of the Law, 43 P.S. §753(t) and that the Board erred by not making a specific finding as to the suitability of the proffered work.

In *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 451, 327 A.2d 199, 201 (1974) we held that Section 402(b)(1) of the Law "expressly requires the compensation authorities to consider the suitability of the job which a claimant has quit in determining whether a termination was for necessitous and compelling reasons." In *Stockdill v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 516, 518, 368 A.2d 1341, 1343 (1977), we said:

> By voluntarily accepting a job which he subsequently quits, a claimant has admitted to its initial suitability with respect to wages and conditions of employment; and this evidence must be overcome by evidence of a change in conditions of employment or that the claimant was deceived as to or not aware of the conditions later alleged to be onerous when he entered the employment relationship. (Citation omitted.)

In the instant case the referee found that, because "the conditions of employment had not changed, claimant [sic] acceptance of the work removes all questions as to the suitability of the work." The claimant argues, however, that the change from part-

time to full-time work was a "changed condition" so as to constitute the offer of an entirely different job. Yet he fails to note that the referee made this determination based on his findings that the claimant both *applied* for and *agreed to accept* full-time employment. And, because these findings are based on substantial evidence, they are binding on us, *Stalc v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974) and we believe they support the referee's conclusion as to the suitability of the work offered to the claimant.[2]

The claimant's further contention that the referee failed to make a finding as to suitability is without merit. It is clear from the above-quoted portion of the referee's decision that he considered the merits of this issue and resolved it against the claimant.

With respect to the fault overpayment, the claimant contends that our decision in *Daniels v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973) requires a finding of bad faith or culpability in order to support a determination of fault. The testimony he, himself, provided, however, clearly shows that he knew that he was lying concerning the nature of his termination, and we have previously held that such a misrepresentation constitutes fault, *see Stormer v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977).

---

[2] We believe our decision in *Unemployment Compensation Board of Review v. Matthys*, 24 Pa. Commonwealth Ct. 474, 357 A.2d 230 (1976) is distinguishable. In that case, the claimant applied to work only part-time in order to seek more appropriate employment. We remanded the case because the Board failed to resolve claimant's contention that he would accept full-time work but such was not available to him at the time. In the instant case it is clear that the claimant applied for a full-time position and that one did in fact exist.

We believe, therefore, that the referee was correct in finding a recoupable fault overpayment.

The order of the Board is affirmed.

### ORDER

AND Now, this 10th day of March, 1980, the order of the Unemployment Compensation Board of Review denying benefits to Francis Ennis and finding a recoupable fault overpayment of $506.00 is hereby affirmed.

This decision was reached prior to the death of President Judge BOWMAN.

˙ Judge DISALLE did not participate in the decision in this case.