Paul F. Reese, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

618

*Michelle R. Terry,* with her *Lydia Y. Kirkland,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 18, 1980:

The Unemployment Compensation Board of Review denied benefits to Paul F. Reese citing Section 402(b)(1) of the Unemployment Compensation Law (Law)[1] finding that he voluntarily terminated his employment without a necessitous and compelling reason. Reese appeals, contending that the Board's findings are not supported by substantial evidence and that its conclusions are contrary to the law.[2] We affirm.

Reese was last employed by McIlvian Company from May 1 through May 8, 1978, as a tally clerk. Prior to that time, he was employed by FMC Company

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] The referee also found an overpayment of $34.00 had been made for the claim week ending May 6, 1978. On appeal, the Board has dropped any claim for recoupment.

as a junior accountant. Reese accepted the job with McIlvian Company because of the shutdown of the FMC plant.

Reese first contends that his acceptance of the position with McIlvian was on a trial basis and that he is not bound to accept work under the Law when such work is unsuitable.

Reese testified before the referee that his final acceptance of employment was contingent upon finding the job suitable. The employer, however, testified that he was unaware that Reese's acceptance was only on a "trial" basis and believed that when Reese accepted the position he did so with the intent of becoming a permanent member of the company. The referee found that Reese had not conditioned his acceptance in any way. This, being supported by the evidence, will not be disturbed on appeal.

The question remains, however, whether dissatisfaction with the conditions of employment constitutes a "necessitous and compelling" reason for termination of employment. Faced specifically with this issue in *McGuire v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 588, 591, 360 A.2d 315, 317 (1976), this Court held that mere dissatisfaction with wages or working conditions is not a necessitous and compelling cause for the voluntary termination of employment by an employee who previously accepted such employment; and to remain eligible for unemployment compensation benefits in such case, the employee must establish that such conditions had changed since his initial employment or that he was originally deceived as to such conditions. There is no evidence in the record of changed conditions or deception and the referee's conclusion will not be disturbed.

Next, Reese argues that his quit was not due to personal dissatisfaction but because the "dot" tally

method utilized by the company caused severe eye strain rendering him incapable of doing his job, notwithstanding newly prescribed lenses.

When a claimant voluntarily terminates employment for health reasons, he must (1) offer competent testimony that at the time of termination adequate health reasons existed to justify his termination; (2) inform his employer of the health problems; and (3) specifically request transfer to a more suitable position. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977).

Reese did not inform his employer of his vision problems and did not request transfer to a more suitable position. The determination of the referee will not be disturbed.

Accordingly, we

ORDER

AND Now, this 18th day of April, 1980, the order of the Unemployment Compensation Board of Review denying benefits to Paul F. Reese is affirmed.

President Judge BOWMAN did not participate in the decision in this case.