Michael DeNofa, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Michael DeNofa*, petitioner, for himself.

*William J. Kennedy*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, April 29, 1980:

The Unemployment Compensation Board of Review denied unemployment compensation benefits to Michael DeNofa pursuant to Section 402(b)(1) of the Unemployment Compensation Law[1] finding that De-Nofa had voluntarily terminated his employment without a necessitous and compelling reason. We affirm.

DeNofa was last employed as a clerk by The Yellow Cab Company. On May 19, 1978, he terminated his employment contending that there had been a substantial change in its terms and conditions which adversely affected his health; in particular, that his work load had been substantially increased without additional compensation or aid.

The burden of proving a necessitous and compelling reason for leaving employment rests with

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

claimant. *Aluminum Co. of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). Mere dissatisfaction with wages and working conditions, the amount of work received or the lack of overtime is not a cause of a necessitous or compelling nature excusing voluntary termination of employment. *Owen v. Unemployment Compensation Boaord of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976). DeNofa must establish a change in the conditions of his employment or that he was deceived as to or unaware of the condition, later alleged to be onerous, when he entered the employment relationship. *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974).

The record discloses that one week prior to his termination, DeNofa was transferred to a new garage with a greater number of cabs. However, the nature of the work at the new garage was substantially the same as that which he had performed at his previous work location and there were sufficient clerks to handle the increased work load.

In light of this evidence, we must conclude that DeNofa has not met his burden of proof.

Moreover, a claimant seeking to show that he has terminated his employment for a necessitous and compelling health reason must adduce some medical evidence to support his allegation that a physical disability justifies his decision to quit.

DeNofa was not under a doctor's care at the time of his separation and produced no medical evidence of health problems.

Accordingly, we

### ORDER

AND Now, this 29th day of April, 1980, the order of the Unemployment Compensation Board of Review

at Decision No. B-168389, dated January 25, 1979, denying unemployment compensation benefits to Michael DeNofa is affirmed.