Stephen J. Gehouskey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Stephen J. Gehouskey,* petitioner, for himself.

*William J. Kennedy,* Assistant Attorney General, with him *John T. Kupchinsky,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 4, 1981:

The issue in this case is whether the claimant, Stephen J. Gehouskey, left his position as a personnel manager at the All-State Investigation and Security Agency with cause of a compelling and necessitous nature, so as not to render him ineligible to receive unemployment compensation benefits under Section 402

(b)(1) of the Unemployment Compensation Law (Act).[1]

The claimant's sole assertion is that he quit his job at the Agency because of working conditions that were "almost unbearable." In support of that contention, the claimant alleges, for example, that he was required to assume week-end "phone-duty" as part of his job responsibilities. That duty entailed answering the office phone at the claimant's home all through the night Friday and all day Saturday and Sunday, an activity which, he alleges, "completely disrupted" his family.

The referee, who as fact finder is entitled to decide questions of credibility and evidentiary weight, *Rudy v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 633, 410 A.2d 97 (1980), determined in this case that the claimant voluntarily terminated his employment because he was dissatisfied with various working conditions. The referee further determined that these working conditions were made known to the claimant at the time of hire. We believe these findings are dispositive of the issue at hand. Moreover, since the Board did not capriciously disregard competent evidence, when it adopted the referee's findings of fact, those findings are conclusive on the issue. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). Since we also believe the findings are consistent with each other, our remaining function as the reviewing Court is to determine whether the findings are consistent with the Board's order and conclusions of law. *Sweigart, supra.*

The law is well settled that a mere dissatisfaction with working conditions is not a cause of a necessitous

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

and compelling nature excusing voluntary termination of employment for unemployment purposes. *De Nofa v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 97, 413 A.2d 786 (1980). Moreover, to remain eligible for unemployment compensation benefits, the employee must show that conditions of employment changed since his initial employment or that he was originally deceived as to such conditions. *Reese v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 617, 413 A.2d 468 (1980).

We believe the findings in this case are consistent with the conclusions of law drawn by the compensation authorities, and we agree that the instant claimant has failed to meet his burden of proving that he left work with cause of a necessitous and compelling nature. The Board properly concluded, therefore, that the claimant is ineligible to receive benefits under Section 402(b)(1) of the Act.

We affirm.

ORDER

AND Now, the 4th day of June, 1981, the order of the Board of Review at Decision No. B-179243, dated December 31, 1979 is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.