Glenn J. Romao, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 1, 1982, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Allen H. Smith,* for petitioner.

*Richard Lengler,* Law Student Intern, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 19, 1982:

Glenn J. Romao (Claimant) has appealed to this Court from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits on the basis of Claimant's voluntary termination of employment "without cause of a necessitous and compelling nature."[1]

Claimant was last employed by Jimmy Wilson, Jr. (Employer) as an estimator of moving costs for customers. Until two months prior to his termination, Claimant was paid $200 per week salary plus a 2% commission on business up to $100,000, and a 4% commission over that amount. This commission was based on the complete cost (packing and transportation) of all sales that he worked on. At that time, Employer changed Claimant's method of remuneration to a draw of $200 weekly against commissions. The commission rate was changed to 5% for all business which came to him through the office and 7% on all business brought in by Claimant. The commission was to be based on only the transportation portion of each sale. During the first month under this arrangement, Claimant earned $530, or $270 under his $800 draw for the

_____

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

month. During the second month, Claimant earned $1549, from which Employer recovered the prior month's shortfall. Claimant terminated his employment on July 3, 1980.

Claimant has argued to the Board and this Court that the change in remuneration would have resulted in a material change in income from $21,000 the prior year to $10,000 under the new pay method.[2] This, Claimant argues, was cause of a necessitous and compelling nature for quitting, thus justifying his termination.

However, change in remuneration cannot be asserted as a valid cause for quitting in this case so long as finding of fact number four—"Claimant *agreed* to the new commission arrangement as the *new terms* of his employment"—is supported by substantial evidence. For we believe that once an employee has accepted new employment terms, he has admitted to their suitability, *see Ennis v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 10, 411 A.2d 1291 (1980), and therefore any later dissatisfaction with those terms, under well settled law, would not constitute cause of a necessitous and compelling nature. *See Happe v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 486, 395 A.2d 701 (1979).

We have examined the testimony presented in this case and we believe that the Board could reasonably have concluded that Claimant did accept these new terms. Claimant did not testify to any agreed upon trial period for this new remuneration method. Claimant did not quit any time during the first month, when

---

[2] The refree based her decision on a determination that Claimant could have earned as much or more money under the new pay schedule "if he had been willing to expend a bit more effort. . . ." The Board however, did not adopt this determination as the basis for its decision.

his pay was quite low, but instead continued to work for a second month, during which time his earnings substantially increased. We believe that such a delay may be construed as an acceptance, as it was in *Happe*.[3]

We affirm.

ORDER

AND Now, this 19th day of April, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-190109, dated December 1, 1980, is hereby affirmed.

This decision was reached prior to the resignation of Judge MENCER.

---

[3] The facts thus are distinguishable from the case of *National Freight, Inc. v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 161, 382 A.2d 1288 (1978), where the claimant underwent five weeks of training for a new job, was then informed of a definite percentage lowering of his earnings and agreed to try the new arrangement, but left after only one week in which his earnings were only $90 before taxes.