John V. George, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, June 11, 1982, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Susan L. Strong,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 22, 1982:

John V. George (Claimant) has appealed to this Court from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits on the basis of Claimant's voluntary termination of employment "without cause of a necessitous and compelling nature."[1]

Claimant was last employed as a salesman for Ralston Paper & Packaging Company (Employer).

---

[1] Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §802(b).

Claimant and Employer had entered into a one year contract of employment on January 28, 1980 which provided for payment to Claimant of $20,000 plus $200 per month for automobile expenses. On July 10, 1980, after a meeting between Claimant and Employer's corporate president, Claimant's salary was reduced approximately in half due to low sales. Claimant resigned on November 14, 1980.

Claimant argues that this drastic change in remuneration was "cause of a necessitous and compelling nature" justifying his resignation. However, as this Court has recently held, change in remuneration cannot be asserted as a valid cause for quitting so long as the Board's finding that "claimant accepted the reduction in salary"[2] is supported by substantial evidence. *Romao v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 212, 443 A.2d 1217 (1982).

We have examined the testimony presented in this case and we conclude that substantial evidence does exist to support the Board's finding. While it is true that Claimant testified that he had not agreed to a reduction and there exists in the record a letter from Claimant's counsel to the Employer dated August 1, 1980, demanding that Employer abide by the original agreement, there also exists testimony in the record from the Employer's president asserting that Claimant did agree to new terms and a letter from Employer's counsel to Claimant's counsel on August 4, 1980, stating that Claimant had agreed to a reduction. Since the Board's finding of acceptance by Claimant is clearly the result of its resolution of this conflict in the testimony in the Employer's favor rather than any capricious disregard of competent evidence, we are

---

[2] Referee's finding of fact number 5. The Board adopted as its decision the referee's determination.

590

bound thereby. *Miller v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 257, 424 A.2d 609 (1981).

We affirm.[3]

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-193238, dated March 13, 1981, is hereby affirmed.

---

[3] In view of our disposition of this case, we need not discuss the Board's alternative reason for disqualification, based on Section 401(d)(1) of the Law, 43 P.S. §801(d)(1).