James Naylon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 30, 1984, to Judges ROGERS, MACPHAIL and BARBIERI, sitting as a panel of three.

*Michael L. Fitzpatrick*, with him, *Peter M. Suwak, Peter M. Suwak Law Offices*, for petitioner.

*Michael D. Alsher*, Associate Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 5, 1984:

James Naylon (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which denied his application for unemployment compensation benefits under Section 402 (b) of the Unemployment Compensation Law.[1]

Claimant had been employed as a salesman on commission at Howley Tire Company for approximately thirty years when he was unilaterally transferred by

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

his employer to work at Discount Tire Center, Inc.[2] The transfer, which occurred in December, 1982, also resulted in a reduction of Claimant's commission from 10 percent to 5 percent. Claimant worked at Discount Tire Center for approximately nine weeks, until February 17, 1983, when he voluntarily terminated his employment due to dissatisfaction with his earnings.

Claimant subsequently applied for benefits, which were denied by the Office of Employment Security (OES). After a hearing, however, the referee reversed the OES and granted benefits based on his conclusion that the reduction in Claimant's wages rendered his employment unsuitable. On appeal, the Board again reversed, concluding that Claimant had accepted the terms and conditions of the transfer and could not rely on his later dissatisfaction with his pay.

The Claimant, of course, bears the burden of proving that he had a necessitous and compelling reason for terminating his employment. *DeNofa v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 97, 413 A.2d 786 (1980). Where, as here, the party with the burden of proof has not prevailed before the Board, our scope of review is to determine whether the findings of fact can be sustained without capriciously disregarding competent evidence and whether the findings are consistent with each other and with the conclusions of law. *Spinelli v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 358, 437 A.2d 1320 (1981).

In general, once an employee has accepted new terms of employment, he has conceded their suitability and may not later claim that dissatisfaction with those terms constitutes cause of a necessitous and com-

---

[2] The same individual apparently owns both Howley and the Discount Tire Center.

pelling nature. *Romao v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 212, 443 A.2d 1217 (1982). The employee can overcome the presumption of suitability, however, by showing that employment conditions changed after acceptance or that he was deceived or reasonably unaware of the unsuitable conditions when he accepted the employment. *See Johnson v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 303, 450 A.2d 1095 (1982).

In the matter *sub judice,* Claimant averaged approximately $420 per week in commissions before his transfer. After the transfer, Claimant was paid a minimum $150 weekly draw unless his commissions exceeded that amount, in which case he would receive the greater amount that he earned in commissions. Claimant's commissions only exceeded $150 during one of the work weeks following his transfer. It is clear that such a severe reduction in earnings could constitute a necessitous and compelling cause for Claimant's voluntary termination. *Ship Inn, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980). The difficulty in the instant case, however, arises from the fact that Claimant did not immediately terminate his employment, but rather, decided to attempt to work under the new terms. Only when Claimant, after a reasonable effort, decided that he was unable to earn adequate commissions at Discount Tire Center did he terminate his employment. We conclude, in light of the facts that Claimant worked on a commission basis and was forced to begin a new position in which he could not adequately predict what his commission earnings would be, that Claimant was reasonably unaware of the true terms and conditions of the transfer. Since Claimant was reasonably unaware of the de-

gree to which his earnings would be reduced by the transfer, we do not think it can be concluded that he "accepted" the reduction in wages. We conclude that Claimant has demonstrated that his changed employment conditions were unsuitable and constituted necessitous and compelling cause for his voluntary termination.

Order reversed.

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-219195, dated June 24, 1983, is hereby reversed.