Dwight W. Shoenberger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1985, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Timothy J. O'Connell, Turner & O'Connell,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 22, 1986:

Dwight Shoenberger (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of his application for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The referee's findings indicate that Claimant was employed in an administrative managerial capacity by L. M. Sporting Goods from April 30, 1982 to May 17, 1983, at a final pay rate of $325.00 per week; that his duties required him to deal with customer and creditor complaints; and that he voluntarily terminated his employment because of pressures inherent to his responsibilities and dissatisfaction with his working conditions. The referee concluded that Claimant had not met his burden of proving a necessitous and compelling reason for his voluntary quit.

Claimant argues that he did not quit as a result of mere dissatisfaction with his job conditions, but rather as a result of continual changes which were thrust upon him and which caused increasingly high pressure and eventually an unbearable situation. The Board argues that Claimant acceded to the changes in his working conditions and therefore is barred from raising these changes as the reason for his termination. Claimant argues in response that he did not accede, but merely made a reasonable effort to obviate problems and thus maintain his employment status.

We note that the testimony indicates that at least three changes occurred throughout Claimant's employment. He was originally hired as a bookkeeper/secretary. Shortly after this, one of the other clerical employees quit and was not replaced, as a result of which Claimant's work load increased from 30 to 40 percent. Several months later, Claimant took on the title of Office Manager, at which point he became responsible for fielding all customer and creditor complaints, in addition to retaining all of his original duties. He testified that the business was floundering financially, and that his employer (the owner of the business) continually instructed him to lie to creditors. Finally, a few weeks before he quit, his employer took a full-time job elsewhere, thus effecting

a further increase in Claimant's responsibilities and pressure. The testimony also indicates that Claimant lodged a continuing protest against each of these changes, that he did not ask for the increased responsibilities, and that he continually communicated his need for help to his employer.

It is of course true that where an employee accepts new terms of employment, he has conceded their suitability and may not later claim that dissatisfaction with those terms constitutes cause of a necessitous and compelling nature. *Naylon v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 502, 477 A.2d 912 (1984). Nevertheless, where a Claimant is reasonably unaware of the degree to which his situation will be altered by the change, a reasonable effort to go along with a change will not necessarily constitute an acceptance. *Id.* It would hardly be consistent with the purposes of the Law to penalize an employee for making a good faith effort to cope with an increasingly unbearable situation. *See Colduvell v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979) (Claimant must prove a reasonable effort to stay on the job). For this reason, where an employee has lodged a continuing protest against the changes in his situation, we do not believe that a reasonable attempt to go along with the changes necessarily constitutes an acceptance of new terms.

The issue of change and acceptance was clearly raised before the referee, yet no findings were made by either the referee or the Board. Although we have summarized the testimony here in an effort to clarify an apparently nebulous legal area, we have no authority to make our own findings of fact. We will therefore remand the matter to the Board for findings and conclusions regarding the changes in Claimant's employment terms, whether such changes were reason-

able, and whether Claimant acceded to any or all of them.

ORDER

Now, January 22, 1986, the Order of the Unemployment Compensation Board of Review, No. B-225802, dated January 9, 1984, is hereby vacated. The record is remanded for proceedings consistent with this opinion.