580 A.2d 920

**Diana L. MILLER, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 27, 1990.

Decided Sept. 28, 1990.

Joseph R. DeCristopher, Sunbury, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Diana L. Miller (Miller) has appealed to this Court from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits on the basis of Miller's voluntary termination of employment "without cause of a necessitous and compelling nature" under Section 402(b) of the Unemployment Compensation Law (Act).[1] We affirm.

Miller was employed with Yorktowne (Employer) as a production worker from February 13, 1989 until July 11, 1989 at a wage of $7.89 per hour. On July 11, her production worker position was eliminated, and Miller was laid off. Miller was recalled to work by Employer on August 21, 1989 as a "material handler." Miller accepted this new position even though it involved heavy lifting and other work she was never required to perform as a production worker. She also agreed to a $2.00 cut in pay, her new salary being $5.79 per hour. Miller did so believing that she would be able to "bump" into a production worker position on a different shift within six days of starting back to work. However, Miller made no mention of this desire to "bump" to Employer before accepting the new position, and she made no request to be allowed to "bump" until after working as a "material handler" for three days. After Miller requested to "bump," both management personnel for Employer and Miller's union officials informed her that under the conditions of the collective bargaining agreement (CBA) she could not "bump" into another position. Miller then gave one weeks notice of her intent to quit and worked her last day on September 5, 1989.

Miller filed a petition for unemployment benefits with the Office of Employment Security (OES).[2] The OES determined there was no necessitous and compelling reason for

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b) (Supp.1990).

2. In her original petition, Miller said she left work because she was "harassed by the boss." It is only upon continuing litigation that Miller began arguing a substantial unilateral change in her work conditions gave her compelling and necessitous cause to quit.

Miller to voluntarily quit and denied benefits. By decision dated October 31, 1989, the referee also denied benefits. Miller appealed to the Board which denied benefits originally on February 1, 1990. However, after Miller requested reconsideration, the Board vacated its order and scheduled argument. Following argument, Miller was denied benefits again by the Board on April 5, 1990. Miller appealed this final decision of the Board, bringing the matter before this Court.

The law is clear that a claimant who becomes voluntarily unemployed bears the burden of proving that such termination was with necessitous and compelling cause. *Kligge v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 30, 491 A.2d 325 (1985). The Board determined that, in this case, Miller did not meet her burden of proof, lacking sufficient evidence as a matter of law. As Miller was the only party to present evidence below, our role is to determine if Miller's evidence was legally insufficient, as the Board determined, and, if so, we must affirm what was a correct legal conclusion by the Board. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

The facts are not in dispute here. Miller has admitted that she accepted the recall position with Employer, in spite of the position's obvious disadvantages in comparison with her previous work. Once Miller accepted the new terms of her employment, she conceded their suitability, and the law will not allow her to claim dissatisfaction with those terms as a necessitous and compelling cause justifying her voluntary termination of her employment. *Naylon v. Unemployment Compensation Board of Review*, 83 Pa.Commonwealth Ct. 502, 477 A.2d 912 (1984). However, Miller can rebut the presumption of job suitability arising from her initial acceptance by proving either that she was deceived as to, or was *reasonably unaware* of, the unsuitable conditions when she accepted the employment, *Johnson v. Unemployment Compensation Board of Review*, 69

Pa.Commonwealth Ct. 303, 450 A.2d 1095 (1982), or that a substantial unilateral change in the *employment agreement* occurred after acceptance. *Spinelli v. Unemployment Compensation Board of Review*, 63 Pa.Commonwealth Ct. 358, 437 A.2d 1320 (1981).

Miller contends that when she accepted the new position she was reasonably unaware that she would not be allowed to "bump" into a production worker's position. Therefore, Miller contends that she reasonably believed the new position to be temporary, and was reasonably unaware that when Employer hired her it was to fill a permanent position with the company.

To support the "reasonableness" of her beliefs, Miller cites Section 27.5(B) of the CBA. The relevant portions of that section read:

(B) Bumping

An *employee on layoff* for more than (5) working days will have the right to bump into any job held by a less senior employee providing:

1.  He exercises this right within 35 working days of layoff.

. . . . .

6.  When employees are bumped or their jobs are eliminated and those employees are *transferred* at the company's request *rather than being laidoff,* they shall have the option of bumping on the 6th day of the transfer period. (Emphasis added.)

Miller never disputed that she was, in fact, laid-off by Employer on July 11, 1989. Instead, Miller believed that, after layoff, she was "transferred at the company's request" under 27.5(B)(6), hence, was eligible to "bump" on the 6th day of her new job. We agree with the Board that the wording of the CBA is clear, and that Miller's reading of CBA Section 27.5 was unreasonable.

Under 27.5(B)(6), an employee could never be "transferred" after layoff, as Miller believed, since the subsection clearly states that a transfer is something that takes place

"rather than" layoff. Hence, 27.5(B)(6) does not apply to employees who are laid-off; clearly it is 27.5(B)(1) which applies to persons in Miller's position and explains the procedure for "bumping" while "on layoff." According to this section, Miller could have "bumped" only while "on layoff" and only "within 35 working days of layoff." However, Miller admits, and the Board properly found, that she made no attempts to "bump" until three days after starting her new position on August 21, 1989. Hence, when Miller agreed to recall on August 21, 1989, it was unreasonable for her, relying on CBA Section 27.5, to be unaware that her right to "bump" had expired, or, at least, that this right was extremely tentative. There is nothing in the record to indicate that Miller's beliefs about her legal rights were other than self-induced. If she wished to gamble on the accuracy of her personal jurisprudence, the Unemployment Compensation Fund should not be required to subsidize her unreasonable misconception. *Simpson v. Unemployment Compensation Board of Review*, 69 Pa.Commonwealth Ct. 120, 133, 450 A.2d 305, 312 (1982), *petition for allowance of cert. denied*, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 97 (1983). *See also Brode v. Unemployment Compensation Board of Review*, 79 Pa.Commonwealth Ct. 630, 470 A.2d 200 (1984).

Furthermore, this Court has previously held that where a claimant seeks to prove necessitous and compelling cause for quitting based on the lack of a specific employment condition at work, he must have alerted his employer to that condition before accepting employment and made that condition a part of the agreement. *See Sparks v. Unemployment Compensation Board of Review*, 47 Pa.Commonwealth Ct. 93, 407 A.2d 132 (1979); *Manzulich v. Unemployment Compensation Board of Review*, 32 Pa.Commonwealth Ct. 56, 377 A.2d 1066 (1977). In particular, we have held that if a claimant wants to accept permanent employment only on a "trial basis," he must condition his acceptance accordingly. *Reese v. Unemployment Compensation*

*Board of Review,* 50 Pa.Commonwealth Ct. 617, 619, 413 A.2d 468, 469 (1980).

In this case, as we have said, it was unreasonable for Miller to believe the "right-to-bump" provision in the CBA applied to her in her new position. Even with this unreasonable belief, Miller still should have mentioned the right to "bump" to Employer before accepting the recall position, and conditioned her acceptance as temporary, pending her "bumping," if such was her intention then. Miller made no mention of "bumping" or the temporary nature of her acceptance when she accepted Employer's recall. Lacking this behavior, it was unreasonable for Miller not to be aware that the agreement with her Employer was for permanent employment.

Miller further contends that, by denying her the right to "bump," Employer created a substantial unilateral change in her employment agreement. Specifically, she argues that Employer changed the agreement from temporary to permanent by denying "bumping." As all reason leads to the conclusion that the recall agreement was, from the outset, for permanent employment, Employer made no changes in the agreement with Miller whatsoever by correctly applying the CBA. The only changes made were to Miller's unreasonable beliefs.

The record supports the conclusion that Miller voluntarily accepted a disadvantageous employment agreement and voluntarily quit after her attempts to alter that agreement failed. *Sparks,* 47 Pa.Commonwealth Ct. at 97, 407 A.2d at 134. Hence, we agree with the Board that Miller presented insufficient evidence and failed, as a matter of law, to prove a necessitous and compelling cause for her voluntary termination.

Judge SMITH concurs in the result only.

## ORDER

AND NOW, this 28th day of September, 1990, the order of the Unemployment Compensation Board of Review, dated April 5, 1990, is hereby affirmed.