# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 308 C.D. 2017 |
| | : Submitted: August 18, 2017 |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
HONORABLE JULIA K. HEARTHWAY, Judge[1]
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  September 20, 2017**

Michael Miller (Claimant), *pro se*, petitions for review of the February 22, 2017 order of the Unemployment Compensation Board of Review (Board) denying Claimant unemployment compensation benefits.  The Board concluded that Claimant voluntarily left his employment with Surplus Outlet LLC (Employer) without a necessitous and compelling reason and was therefore disqualified from receiving benefits under Section 402(b) of the Unemployment Compensation Law (Law).[2]  We affirm.

---

[1] This decision was reached before Judge Hearthway's service with the Court ended on September 1, 2017.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides, in relevant part, that an employee shall be ineligible for

Claimant's last day of work was October 17, 2016. (Record Item (R. Item) 1, Claim Record.) On October 28, 2016, Claimant completed a questionnaire regarding his separation from employment by telephone with the Department of Labor and Industry (Department). (R. Item 4, Claimant Questionnaire.) The Department issued a Notice of Determination on October 21, 2016 finding Claimant ineligible to receive unemployment benefits because Claimant failed to show that he had a necessitous and compelling reason to voluntarily terminate his employment. (R. Item 5, Notice of Determination.)

Claimant appealed the Department's determination and a hearing was held before a Referee on December 1, 2016. (R. Item 9, Referee's Hearing, Transcript of Testimony (H.T.).) At the hearing, Claimant appeared and testified; two witnesses, Employer's Vice-President and President, appeared and testified on behalf of Employer. On December 2, 2016, the Referee issued a decision and order concluding that Claimant had failed to meet his burden to demonstrate that he left his employment for a necessitous and compelling reason. (R. Item 10, Referee's Decision and Order.)

Claimant appealed to the Board and on February 22, 2017, the Board issued an order affirming the Referee. (R. Item 12, Board's Decision and Order.) In its order, the Board adopted and incorporated the Referee's findings of fact and conclusions of law. (*Id*.) The following are the Referee's findings of fact adopted and incorporated by the Board:

> 1. [Claimant] was last employed by [Employer] as an administrative assistant in full-time capacity from

---

compensation for any week in which his or her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

January 2, 2012 until a last day of work of October 17, 2016 at a rate of pay of $11.25 per hour.

2. [Claimant] had interactions with the store manager and another employee on October 13, 2016 in which both parties had used a raised voice and bickered back and forth.

3. On October 14, 2016, the vice-president met with [Claimant] regarding that issue as well as [the Family and Medical Leave Act] paperwork that was being sent to all employees, and discussed both issues.

4. While speaking with [Claimant], the vice-president asked if [Claimant] had any concerns to address to the vice-president, and [Claimant] did not address any concerns.

5. On October 17, 2016, [Claimant] went with the vice-president to another location which was approximately 40 minutes away, and did not discuss any concerns he had with this employment to the vice-president either to or from that location.

6. At approximately 4:30 PM on October 17, 2016, [Claimant] met with the vice-president and president and informed them that he was severing the employer/employee relationship.

7. The vice-president asked [Claimant] to sit down and discuss the issues, and [Claimant] refused and said that he was quitting as of that time.

(R. Item 10, Referee's Decision and Order, Findings of Fact (F.F.) ¶¶1-7.) In its decision, the Board added an additional finding: "[Claimant] quit because he was not satisfied with his rate of pay after working for [Employer] for many years and because he was not satisfied with his workload." (R. Item 12, Board's Decision and Order.) Claimant requested reconsideration of the Board's Decision and Order, and on March 10, 2017, the Board denied his request. (R. Item 13,

3

Claimant's Request for Reconsideration; R. Item 15, Ruling on Request for Reconsideration of Board Decision.) Claimant timely petitioned this Court for review of the Board's order.[3]

Claimant argues before this Court that the Board erred in determining that he failed to take all reasonable and necessary steps to preserve his employment; Claimant contends that he had no other option but to leave his employment, because Employer failed to remedy a situation that he complained about two years previously, and it would have been futile to approach Employer a second time. Claimant asserts that both the Referee and the Board ignored his testimony and relied instead upon what he characterizes as the lies of Employer, and argues that the Department has an agenda whereby it takes the side of the employer even when it is incorrect for it to do so.

A claimant who voluntarily terminates his employment has the burden of proving that he had a necessitous and compelling reason to do so. *Philadelphia Housing Authority v. Unemployment Compensation Board of Review (DiGiacomo)*, 29 A.3d 99, 101 (Pa. Cmwlth. 2011). In order to carry his burden, a claimant must demonstrate that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve his employment. *PECO Energy Company v. Unemployment Compensation Board of Review*, 682 A.2d 49, 51 n. 1 (Pa. Cmwlth. 1996). This Court has held that an

---

[3] In an unemployment compensation appeal, this Court's scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008).

employee who accepts a position admits the initial suitability of work with respect to both wages to be paid and the conditions of employment; to establish eligibility for benefits subsequent to quitting employment, an employee is required to demonstrate that the employer misled the employee about conditions of employment or unilaterally changed them. *Hazzard v. Unemployment Compensation Board of Review*, 413 A.2d 478, 479 (Pa. Cmwlth. 1980). However, we have held that mere dissatisfaction with wages and working conditions or the amount of work required is not cause of a necessitous or compelling nature excusing a voluntary quit. *DeNofa v. Unemployment Compensation Board of Review*, 413 A.2d 786, 787 (Pa. Cmwlth. 1980). A claimant's burden is not satisfied unless he takes all necessary and reasonable steps to preserve the employment relationship. *PECO Energy*, 682 A.2d at 61.

Claimant reported to the Department that he left his employment due to both an increase in duties without pay increase and his issues with a Manager. (R. Item 4, Claimant Questionnaire.) Claimant offered no testimony to substantiate the increase in duties, and in his brief, he expresses his displeasure that the Vice-President elected to discuss with Claimant an incident that occurred between Claimant and the Manager several days before his last day of work. (Claimant's Brief at 8.) Claimant asserts that he had watched manager positions being filled with persons with less experience than he had, and related that the Manager made a rude comment to him and threatened to fire him, and Claimant replied "go ahead, I can make this much money anywhere;" Claimant asserts that this incident was the "so-called straw that broke the camel's back." (Claimant's Brief at 7.)

5

The Board could not conclude that Claimant's problems with his employment were anything more than his dissatisfaction with the job, and his failure to receive more than one raise during more than four years of employment. (R. Item 12, Board's Decision and Order.) The Board found significant the fact that despite lodging complaints about his job two years previously, Claimant made no further attempts, particularly during the period just prior to quitting his job, to express continuing concerns with Employer. At the hearing, Claimant related a different incident that occurred several days prior to his last day of work, involving a loud argument between Claimant and a store manager, and a subsequent meeting that afternoon between Claimant and the Vice-President. In the course of the meeting, they discussed both the incident with the Manager and the argument with the store manager, and Claimant testified that he indicated to the Vice-President that he didn't have any concerns about them. (R. Item 9, H.T. at 7.) Three days later, on the day Claimant quit his employment, he spent the morning hours alone with the Vice-President, during a forty-minute car ride back and forth to another store; the Vice-President testified that Claimant expressed no issues or problems during that period. (*Id*., H.T. at 10-11.) However, Claimant testified that at the conclusion of his shift that afternoon, he entered an office occupied by the Vice-President and the President and informed them that he was quitting. (*Id*., H.T. at 7.) Claimant testified that they immediately asked him to come in and sit down, but he declined to do so. (*Id*., H.T. at 7.) The Vice-President testified that although they offered Claimant the opportunity to discuss his concerns and determine what they might do, Claimant refused to do so, and simply related to them the reasons why he was quitting his employment. (*Id*., H.T. at 11.)

The Referee's findings regarding the opportunities offered by Employer to Claimant to discuss any concerns regarding his employment, and Claimant's failure to do so, expressly reflected his credibility determinations, and these findings were adopted by the Board as its own. The Board is the ultimate finder of fact, empowered to make credibility determinations and accept or reject the testimony of witnesses, in whole or in part, as well as to weigh the evidence in making its findings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1388 (Pa. 1985). Where supported by substantial evidence, the Board's findings are conclusive on appeal. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). Substantial evidence is such relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Popoleo v. Unemployment Compensation Board of Review*, 777 A.2d 1252, 1255 (Pa. Cmwlth. 2001).

We find that the Referee's findings, as adopted by the Board, are supported by substantial evidence and as such they are conclusive on appeal. Claimant failed to meet his burden to establish that he made a reasonable effort to preserve his employment. Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 308 C.D. 2017 |
| | : |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

## **O R D E R**

AND NOW, this 20th day of September, 2017, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____

**JAMES GARDNER COLINS, Senior Judge**