Ruby Dzeryn, Petitioner *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Respondent.

Submitted on briefs before Special Session, July, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Arnold Y. Steinberg,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., August 20, 1982:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) denying benefits to claimant Ruby Dzeryn. The Board concluded that claimant had voluntarily terminated her employment without cause of a "necessitous and compelling nature," and thus was ineligible for benefits by virtue of Section 402(b) of the Unemployment Compensation Law.[1]

Claimant was last employed as a rental representative by National Car Rental, her last day of work being September 24, 1980. On that date, at a time when her co-worker was on a lunch break, the counter where claimant was stationed became extremely busy. After claimant received assistance during this busy period, she informed her employer that she was quitting her job.

Upon leaving work, claimant was examined by a physician, who advised her to rest for a few days. Thereafter, claimant contacted her employer and requested reinstatement following an anticipated two-days' rest. The employer responded by informing her that she could resume work as a new employee with a

____
[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

loss in seniority.[2] Claimant was not in favor of this arrangement, and did not report to work again.

A claimant who becomes unemployed by voluntarily quitting his or her job assumes the burden of showing that such termination was for necessitous and compelling reasons. *Cowls v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 150, 427 A.2d 722 (1981). Such a claimant must establish both that he acted with ordinary common sense in quitting his job, and that he made a reasonable effort to preserve his employment. In essence, a claimant who willingly resigns from his job must show that he had no real choice but to leave his employment. *Stiffler v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 44, 438 A.2d 1058 (1982). It is well-established that mere dissatisfaction with working conditions does not constitute compelling cause for the voluntary cessation of employment. *De Nofa v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 97, 413 A.2d 786 (1980).

Although claimant asserts that she was compelled to quit her job because of ill health, the Board found that she terminated her employment because of dissatisfaction with her busy working conditions. A careful review of the record indicates that the Board did not capriciously disregard any competent evidence in so finding. In addition, the Board concluded that claimant failed to take reasonable steps to maintain the employment relationship, and, in general, acted unreasonably. We agree: claimant had the option of taking a sick leave rather than quitting her job. For these reasons, the order of the Unemployment Com-

---

[2] We note that the employer conditioned reinstatement upon loss of seniority because claimant had quit her job, and had been convinced to return to work by her employer, a week prior to the incident in question.

pensation Board of Review entered in this matter is affirmed.

ORDER

AND Now, the 20th day of August, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-193628 is hereby affirmed.