574 A.2d 1198

**George DELANEY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 2, 1990.

Decided May 11, 1990.

Christopher M. Fleming, Evashavik & Della Vecchia, Pittsburgh, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This is an appeal by George Delaney (claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(a) of the Unemployment Compensation Law (Law).[1]

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(a).

The findings of fact, as made by the Board, are as follows:

1. Claimant was last employed as an investment consultant by the Butcher Consulting Group from October, 1987 at a final rate of $50,000.00 a year plus commission and his last day of work was February 15, 1989. In 1988, the claimant's commission amounted to approximately $4,000.00.

2. Prior to starting his employment with Butcher Consulting Group the claimant was self-employed in a business enterprise known as L.M. Delaney Company. His principal business activity was compiling, analyzing and selling to investment companies certain data about short term investments.

3. The data which the claimant was selling through L.M. Delaney Company was given the title of STIFS, a trademarked acronym standing for Short Term Investment Fund Summary.

4. When the claimant was offered and accepted employment with Butcher Consulting Group, it was agreed that he would continue to market STIFS but that the product would be expanded through the use of Butcher Consulting Group's greater resources. Further, it was agreed that [sic] the claimant left employment with the Butcher Consulting Group he would be able to retain his right to the name "STIFS."

5. In December, 1988 Jim Yanni and Terri Bilkey, two employees of Butcher Consulting group, announced to the claimant and his co-workers that they were in the process of purchasing the Butcher Consulting Group. The purchase was to be completed on February 17, 1989.

6. From mid-December, 1988 through January 25, 1989, the claimant had ongoing discussions and negotiations with Mister [sic] Yanni and Bilkey concerning the terms of his continued employment.

7. On January 25, 1989, the claimant was presented with a written employment contract setting forth the terms of his employment.

8. Claimant refused to sign the employment contract presented to him on January 25, 1989 and continued his negotiations with Misters Yanni and Bilkey.

9. On February 15, 1989, claimant was presented with the employer's "final offer" for his continued employment.

10. The claimant's remuneration with Butcher Consulting Group consisted of a base salary of $50,000.00 plus a commission based upon the income generated by STIFS.

11. The final offer presented to the claimant by the Yanni Bilkey investment company involved the same base salary of $50,000.00 but a different method of calculating the commission to be paid to the claimant. It also gave the claimant the right to accrue 30 percent equity in the business. The claimant did not have any equity in the business when he was employed by Butcher Consulting Group.

12. It was the employer's intention at all times that the claimant should earn at least as much working for Yanni Bilkey Investment Consultants as he had earned with Butcher Consulting Group. The different method of calculating the claimant's commission was designed to assure him at least the same income that he had received with Butcher Consulting Group. The employer believed that with base salary plus commission the claimant would earn between $75,000.00 and $100,-000.00.

13. The claimant was also guaranteed that his base salary would be raised to $60,000.00 in 1990 and $70,-000.00 in 1991.

14. Additionally, the claimant was given a travel and allowance budget of $20,000.00. The claimant did not have a specific travel allowance when he worked for the Butcher Consulting Group.

15. None of the offers made to the claimant by Yanni Bilkey required the claimant to relinquish his trademark rights in the name STIFS.

16. Further, the final offer given to claimant from Yanni Bilkey contained a substantial improvement in the claimant's benefits package of Blue Cross/Blue Shield, life insurance and disability insurance.

17. The claimant refused the final offer of employment from Yanni Bilkey and was laid off for lack of work with Butcher Consulting Group effective February 15, 1989.

Because this appeal involves several subsections of Section 402 of the Law, we feel that it would be helpful to cite them in full now before proceeding with the consideration of this case.

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work ..., or to accept suitable work....

(a)(1) In which his unemployment is due to failure to accept an offer of suitable fulltime work in order to pursue seasonal or parttime employment.

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

....

(h) In which he is engaged in self-employment....

Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 802(a), (a)(1), (b), (h).

The Office of Employment Security (OES) issued a determination denying benefits to the claimant pursuant to Sections 402(a) and 402(h) of the Law. Following a hearing, the denial of benefits was upheld by the referee under Section 402(b) of the Law rather than Sections 402(a) and 402(h). The referee ruled that the OES committed an error of law in treating the claimant's separation as falling under

Section 402(a) of the Law rather than Section 402(b). The referee also ruled that the record failed to support a disqualification under Section 402(h) of the Law. On appeal, the Board concluded that the claimant was disqualified from receiving benefits under the terms of Section 402(a) of the Law. It is from this decision and order of the Board that the claimant petitions for review.[2]

In reaching its decision, the Board declined to rule on whether the claimant was also ineligible to receive benefits under Section 402(h) of the Law. More importantly, the Board failed to consider whether the claimant's separation should have been treated under Section 402(b) of the Law rather than Section 402(a). We must now resolve this issue. Thus, the precise question before this Court is whether Section 402(a) or 402(b) of the Law applies where an employee rejects an offer of continued employment in a business entity, where the offer is made by other employees of the business entity who are in the process of purchasing the business entity, and where the employee is subsequently laid off by the other employees before they have assumed ownership of the business entity. For the following reasons, we hold that Section 402(b) of the Law applies in the instant factual situation.

In *Hospital Service Ass'n Of Northeastern Pennsylvania v. Unemployment Compensation Board of Review,* 83 Pa.Commonwealth Ct. 165, 476 A.2d 516 (1984), this Court concluded that Sections 402(a) and 402(a)(1) of the Law are "intended to apply only to those claimants who, *while unemployed,* refuse to accept an offer of suitable work. Claimants who, *while employed,* refuse to accept an offer of *continued* employment are deemed to have quit their position, and are thus subject to Section 402(b) of the Law." *Id.,* 83 Pa.Commonwealth Ct. at 167, 168, 476 A.2d at 518 (emphasis in original, footnote deleted). We find this analy-

2. Our scope of review is limited to determining whether constitutional rights were violated, errors of law committed, or whether any necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S.. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

sis to be controlling in this case. Sections 402(a) and 402(a)(1) of the Law do not apply here because the claimant did not refuse to accept an offer of suitable work while unemployed. Rather, while employed, he refused to accept an offer of continued employment. He is thus deemed to have quit his position and is subject to Section 402(b) of the Law. *See, Dinges v. Unemployment Compensation Board of Review,* 28 Pa.Commonwealth Ct. 306, 369 A.2d 898 (1977); *Unemployment Compensation Board of Review v. Fields,* 24 Pa.Commonwealth Ct. 347, 355 A.2d 836 (1976).

It is important to distinguish this case from *Teitell v. Unemployment Compensation Board of Review,* 118 Pa. Commonwealth Ct. 406, 546 A.2d 706 (1988). In *Teitell,* we held that "where a claimant, prior to termination of her employment, knows that she is to be laid off by her present employer and refuses *another company's* offer of suitable work for a period of time during which she then seeks to collect benefits, she will be ineligible to collect benefits during that time," pursuant to Section 402(a) of the Law. *Id.,* 118 Pa.Commonwealth Ct. at 412, 546 A.2d at 709 (emphasis added). Here, however, as in *Hospital Service Ass'n of Northeastern Pennsylvania,* the claimant was laid off after refusing to accept an offer of continued employment in the same company. Thus, we must review the claimant's separation under Section 402(b) of the Law.

In a case where an employee voluntarily terminates his employment, this Court must determine if the employee met his burden of proving that he did so for a cause of necessitous and compelling nature. *Adamski v. Unemployment Compensation Board of Review,* 64 Pa.Commonwealth Ct. 639, 441 A.2d 502 (1982). Whether the employee had such cause to terminate his employment is a legal conclusion subject to appellate review. *Id.,* 64 Pa.Commonwealth Ct. at 641, 441 A.2d at 504. In conducting our review, we must examine the testimony in the light most favorable to the party who prevailed below. *Bruder v.*

*Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982).

 The claimant contends on appeal that he had cause of a necessitous and compelling nature to voluntarily terminate his employment because the offer of continued employment which he rejected would have deprived him of his work product in STIFS as well as an undetermined amount of income. We disagree.

Initially, we note that a substantial reduction in pay can constitute a "necessitous and compelling" cause for voluntarily terminating one's employment. *John Kenneth, Ltd. v. Unemployment Compensation Board of Review*, 66 Pa.Commonwealth Ct. 377, 444 A.2d 824 (1982). However, "[t]here is no talismanic percentage figure that separates a substantial reduction from one that is not." *Id.* at 380, 444 A.2d at 826. Each case must be evaluated on its own facts. *Id.* Here, the Board's findings of fact 11 and 13 through 16 clearly support the conclusion that the claimant did not satisfy his burden of proving that he voluntarily terminated his employment for cause of a necessitous and compelling nature. Because these findings of fact are supported by substantial evidence, the Board's order is affirmed.[3]

## ORDER

AND NOW, this 11th day of May, 1990, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

**3.** We note that had we reviewed the claimant's separation under Section 402(a) of the Law rather than 402(b), we still would have found him ineligible to receive benefits.