616 A.2d 110

**William F. FITZPATRICK, Jr., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 21, 1992.

Decided Sept. 23, 1992.

William F. Fitzpatrick, Jr., petitioner, pro se.
Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

William F. Fitzpatrick, Jr. appeals from the order of the Unemployment Compensation Board of Review (UCBR) affirming the referee's denial of back-dating Fitzpatrick's application for unemployment compensation benefits under the Unemployment Compensation Law (Law).[1] We affirm.

From December 1987 to April 1990, Fitzpatrick worked as a truck driver for MBM Foods. On June 14, 1991, Fitzpatrick filed for unemployment compensation benefits; however, attempting to establish a base year of the four quarters of 1990, with an effective date of September 2, 1990. The Office of Employment Security (OES) determined that he was ineligible for benefits based upon his income from those quarters.

Fitzpatrick appealed, arguing, however, that he had been improperly denied the right to file a claim in August 1990 when these dates would have been proper. Fitzpatrick asserts that a local OES employee allegedly gave him improper information that he could not file for unemployment benefits when he was receiving workmen's compensation benefits. Fitzpatrick's appeal to the referee requested that his application for compensation benefits be "backdated" to September, 1990, so as to allow him to collect unemployment benefits. The referee denied the request to "backdate" the application, specifically finding that Claimant "was not misled or misinformed by the [OES] concerning unemployment compensation benefits." (Finding of fact, 10). The UCBR affirmed the referee, adopting all findings of fact.

On appeal to this Court,[2] the Claimant argues that the UCBR erred in denying the "backdating" because he had been

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

misled by a local OES employee.[3]

34 Pa.Code § 65.33 allows "backdating" a claim if a claimant was prevented, through no fault of his own, from filing the claim during the proper time period. However, the UCBR did not credit Claimant's testimony and found that the "Office of Employment Security does not give verbal determinations over the telephone" (Finding of Fact, 6) and that "Claimant did not know the name of the female he spoke to on August 17, 1990" (Finding of Fact, 9), who allegedly misled him.

■ With regard to factual findings, the UCBR has broad powers. Questions of credibility, resolutions of conflicts and the evidence presented, and the determination of the weight to be given the evidence are matters for the UCBR to determine. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa.Commonwealth Ct. 170, 410 A.2d 422 (1980), *citing Roach v. Unemployment Compensation Board of Review,* 31 Pa.Commonwealth Ct. 424, 376 A.2d 314 (1977). Fitzpatrick is asking this Court to reweigh the evidence and find in his favor. However, this is beyond our scope of review.

■ The UCBR did not credit Fitzpatrick's testimony and findings of credibility are binding on appeal, so long as the record examined as a whole contains substantial evidence[4] to support those findings. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Because Claimant's testimony was not credited and, therefore, does not support a finding that through no fault of his own he was prevented from filing, we hold that the Unemployment

3. The UCBR asserts that because the Claimant failed to allege the particular finding was not supported by substantial evidence that this Court must consider the finding "conclusive," citing *Salamak v. Unemployment Compensation Board of Review,* 91 Pa.Commonwealth Ct. 493, 497 A.2d 951 (1985). While this pro se Claimant did not specifically state which finding of fact was not supported by substantial evidence, because of the humanitarian purposes of this Law and because Claimant's brief before this Court certainly speaks to the substance of the challenged finding, we will not be bound by the constraints of *Salamak.*

4. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

Compensation Board of Review correctly denied the request to "backdate" Claimant's application.

Accordingly, we affirm.

## ORDER

AND NOW, this 23rd day of September, 1992, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.