**Sandra L. SHRUM, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1996.

Decided March 3, 1997.

---

Irwin B. Wedner, Pittsburgh, for petitioner.

Paul R. Jordan, Assistant Counsel, Harrisburg, for respondent.

Before McGINLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

FLAHERTY, Judge.

Sandra L. Shrum (Claimant) petitions for review of an order from the Unemployment Compensation Board of Review (Board) reversing the decision of the referee and denying benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was a seven-year employee of the Legent Corporation (Legent) as a technical writer of instructions for product documentation in the use of computer software. Claimant worked under a confidentiality agreement with Legent. Computer Associates acquired Legent and required all employees to sign a confidentiality agreement (Agreement) and other forms. Computer Associate's Agreement prohibited any employee, upon termination of employment, from taking any records, materials, tapes, disks, or hardcopies of any information concerning the company whereas the Legent confidentiality agreement prohibited employees from taking only confidential information. Another provision of the Agreement required employees to respond to a request from Computer Associates seeking any information regarding the nature of any actual or planned business activities for a period of one year following termination, which Claimant believed to be an invasion of her privacy.

Claimant did not want to agree to these provisions and met with the Human Resources advisor who told Claimant that these provisions were on a take-it-or-leave-it basis. Claimant believed that she needed to build a portfolio from her work product to maintain her career and ensure challenging employment in her field. Claimant wanted samples from her work to demonstrate to prospective employers the type of work with which she had experience. Claimant refused to sign the Agreement because she believed that the Agreement would significantly change the terms and conditions of her employment, and Computer Associates requested her resignation. Upon refusing to resign, Claimant was escorted off the premises.

The referee granted benefits concluding that Legent/Computer Associates terminated Claimant and failed to meet its burden of proving willful misconduct under Section 402(e)[2] of the Law. The Board reversed concluding that Claimant voluntarily resigned her position without cause of a necessitous

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

2. Section 402(e) of the Law, 43 P.S. § 802(e).

and compelling nature under Section 402(b) of the Law.

■ Claimant raises the following issues: (1) whether the Board's conclusion that Claimant resigned her position was supported by substantial evidence or was otherwise an error of law; and (2) whether Claimant had cause of a necessitous and compelling nature to quit, if she is deemed to have voluntarily quit her position.[3]

■ Claimant argues that signing the Agreement was a condition precedent to her employment at Computer Associates. Consequently, Claimant maintains that she was never employed at Computer Associates because she did not sign the Agreement and, therefore, the Board's conclusion that Claimant resigned is not supported by substantial evidence. Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion; further, all evidence must be viewed in light most favorable to the party prevailing before the Board, including affording that party the benefit of all logical and reasonable inferences which can be drawn from that evidence." *Miller v. Unemployment Compensation Board of Review*, 45 Pa.Cmwlth. 539, 405 A.2d 1034, 1035 n. 1 (1979). Claimant also argues that, when she refused to resign as requested, she was involuntarily terminated by Legent, and the referee correctly decided this matter as a willful misconduct case for which Legent/Computer Associates failed to meet its burden. We disagree with Claimant's contention that whether or not she was actually employed by the new firm or still employed by the old firm is relevant to the resolution of this case.

In *Delaney v. Unemployment Compensation Board of Review*, 133 Pa.Cmwlth. 107, 574 A.2d 1198 (1990), the claimant was employed at an investment firm that was going to be purchased by other employees. Before these other employees actually purchased the firm or had control, they offered the claimant a written employment contract establishing the terms of the claimant's continued employment. The claimant in *Delaney* refused to sign this employment contract for his continued employment. Having no prior knowledge that he would be laid off if he refused to sign the contract, the claimant was laid off by the other employees before they assumed ownership or control of the firm. Although the *Delaney* court distinguished the application of Sections 402(b) and 402(a)[4] of the Law, the result is equally applicable to the instant case, given the analogous facts and circumstances. Accordingly, in *Delaney*, we held that:

> Sections 402(a) and 402(a)(1) of the Law do not apply here because the claimant did not refuse to accept an offer of suitable work while unemployed. *Rather, while employed, he refused to accept an offer of continued employment. He is thus deemed to have quit his position and is subject to Section 402(b) of the Law.*

*Id.* 574 A.2d at 1200 (emphasis added).

■ In the case *sub judice*, Claimant failed to sign an agreement for continued employment in the same business. Although Claimant contends that signing the Agreement was a condition precedent to the establishment of an employment relationship between herself and Computer Associates, our decision in *Delaney* specifically held that refusing to sign an agreement in favor of continued employment with a firm soon to be under new ownership constitutes a voluntary resignation from employment regardless of whether or not the claimant is actually employed by the new firm or still employed by the old firm. The claimant is deemed to have refused continued employment in the same company. *See id.* 574 A.2d at 1201. Although Claimant did not affirmatively resign, "[a]n express resignation is not necessary to constitute a voluntary termination; conduct which is tantamount to a voluntary termination of employment is sufficient." *Sears, Roebuck & Co. v. Unemployment Compensation Board of Review*, 39 Pa.

---

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Fitzpatrick v. Un-*employment Compensation Board of Review, 150 Pa.Cmwlth. 591, 616 A.2d 110, 111 n. 2 (1992).

4. Section 402(a) of the Law, 43 P.S. § 802(a).

Cmwlth. 170, 394 A.2d 1329, 1332 (1978). Here, Claimant knew that the Agreement was on a take-it-or-leave-it basis and that she would lose her job if she refused to sign it.[5] By refusing to sign, Claimant chose to refuse an opportunity for continued employment which constitutes a voluntary resignation from her employment. *Id.* 574 A.2d at 1200.

■ Additionally, Section 402(b) of the Law states that a claimant is ineligible for benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, *irrespective of whether or not such work is in 'employment' as defined in this act.*" (emphasis added). The emphasized language in Section 402(b) expressly mandates that the relevant inquiry is on the voluntary nature of leaving the labor market in which a claimant is actively engaged rather than the nature of the employment relationship or the identity of the employer. Whether Claimant was an active employee of Legent or Computer Associates is therefore not relevant to whether she voluntarily resigned her position.

Claimant was working at the time she refused to sign the Agreement. The evidence in the record demonstrates that Claimant knew that she would lose her job if she refused to sign the Agreement and, in fact, refused to sign. We conclude that a reasonable person might find this evidence adequate to support the Board's finding that Claimant engaged in conduct that was tantamount to a voluntary termination. In light of *Delaney,* the Board correctly concluded therefrom that Claimant voluntarily resigned her position when she refused to sign the Agreement.

■ Claimant also argues that, even if she voluntarily resigned her position, she had a necessitous and compelling cause to do so. Claimant believes that the Agreement, which restricted her ability to retain any of her work product for purposes of maintaining her portfolio, would hinder her ability to find future employment in her field, an issue of concern to her because many of her fellow employees were laid off when Computer Associates acquired Legent. Additionally, Claimant argues that the Agreement varied significantly from the agreement she had with Legent, which restricted her right to retain only confidential work products. In this regard, Claimant maintains that the Agreement, which Computer Associates refused to modify, would effect a substantial unilateral change in the terms and conditions of her employment.

■ Claimant has the burden of proving cause of a necessitous and compelling nature for voluntarily terminating the employment relationship. *Mutual Pharmaceutical Company v. Unemployment Compensation Board of Review,* 654 A.2d 37, 39 (Pa. Cmwlth.1994). In *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977), our Supreme Court defined "cause of a necessitous and compelling nature" as one which "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Id.* at 358–59, 378 A.2d at 832. A substantial unilateral change in the terms and conditions of employment may furnish cause of a necessitous and compelling nature to justify a claimant's voluntary resignation from her employment. *Allegheny Valley School v. Unemployment Compensation Board of Review,* 666 A.2d 1144 (Pa.Cmwlth. 1995), *petition for allowance of appeal granted,* 544 Pa. 613, 674 A.2d 1075 (1996).

The Agreement that Claimant was required to sign was not a substantial unilateral change in the conditions of her employment that would have placed real and substantial pressures on a reasonable person in her circumstances to quit. The Agreement did not change Claimant's rate of pay, nor did it change her job responsibilities. In fact, the Agreement did not

---

5. Although Claimant knew or should have known that she would be terminated if she refused to sign the Agreement, this case does not come within the provisions of Section 402(a). In *Delaney,* we explained that Section 402(a) and Section 402(a)(1) apply only to claimants who refuse to accept suitable work while unemployed. Claimant was not unemployed prior to her refusal to sign the Agreement.

propose much of a change at all. Both the Agreement and the Legent agreement restricted confidential employer information, and required information about future employment in order to enforce the agreement. The only difference seems to be that the Computer Associates Agreement was more restrictive in barring the use or taking of any information from Computer Associates. Arguably, these changes affect only Claimant's employment with a future, unknown employer rather than the terms and conditions of her employment with Legent or Computer Associates.

Claimant was dissatisfied with the Agreement because, in her opinion, it adversely affected her marketability. Claimant testified that her writing samples helped her get jobs in the past without which she would be at a disadvantage. (H.T.9). This became a concern to the Claimant because Computer Associates had laid off many employees in the course of acquiring Legent.

In *Staub v. Unemployment Compensation Board of Review,* 673 A.2d 434 (Pa.Cmwlth. 1996), an employee sought benefits after he voluntarily opted to take an early retirement package and argued that he had necessitous and compelling cause because he feared the possibility of a layoff. Although the claimant in *Staub* was a retiree, the circumstances involved in the issue of necessitous and compelling cause are indistinguishable from the instant case. In *Staub,* we stated that:

> speculation pertaining to an employer's financial condition and future layoffs, however disconcerting, does not establish the requisite necessitous and compelling cause. Instead, the relevant inquiry is whether surrounding circumstances at the time an employee voluntarily leaves indicate a likelihood that fears about his or her job security will otherwise materialize, that serious impending threats to the employee's job will be realized and that the employee's belief that his job is imminently threatened is well founded.

*Id.* at 437. In *Staub,* we emphasized that mere speculation about job stability is insufficient. Rather the surrounding circumstances at the time of voluntarily resigning must demonstrate a "lack of suitable continu-

ing work either concurrently or at a discernible point in time, together with statements or actions of the employer showing a likelihood of imminent layoff." *Id.*

In the instant case, Claimant was specifically told that she was a "keeper" while other employees were being laid off. (H.T.7–8). There were no representations from Computer Associates or any other circumstances that would make Claimant's fear of job insecurity real and substantial. Claimant has the burden of showing that she had no real choice but to leave her employment. *Dzeryn v. Unemployment Compensation Board of Review,* 68 Pa.Cmwlth. 393, 449 A.2d 129, 130 (1982). Claimant refused to sign the Agreement because of how she perceived its effect on her finding a job in the future. However, Claimant had a job with Employer, and there was no evidence that she would have lost that job. Claimant's speculative concern for future employment was not a real and substantial reason to refuse continued suitable employment as a matter of law and fails to establish that she had no real choice but to leave.

There is substantial evidence in the record to support the Board's finding that "continuing work was available had the Claimant chosen to remain employed." (Finding No. 12). We, therefore, hold that a reasonable person under the circumstances would not refuse to sign the Agreement, which prohibited employees from removing any information from Computer Associate's business and required information about future employers, where there was evidence of future job security.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 3rd day of March, 1997, the order of the Unemployment Compensation Board of Review, at No. B–346756, dated March 7, 1996, is hereby affirmed.