# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Ackerman,                :
               Petitioner        :
                                :
       v.                     :    No. 1156 C.D. 2015
                                :    Submitted: January 15, 2016
                                :
Unemployment Compensation    :
Board of Review,                 :
                Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**               **FILED: March 2, 2016**

       Donald Ackerman (Claimant), represented by counsel, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that found him ineligible for unemployment compensation (UC) benefits under Section 402(e) of the UC Law (Law)[1] (relating to willful misconduct). The Board determined Claimant was ineligible because he violated reasonable directives. Claimant argues he had good cause for refusing the directives in order to protect private information on his personal computer. Upon review, we affirm.

## I. Background

       Claimant worked for Fusion Babbitting Co. (Employer) as an outside sales manager from June 2011 until the date of his discharge on January 5, 2015. In that capacity, he used his personal computer without connection or backup to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897 (1937), <u>as</u> <u>amended</u>, 43 P.S. §802(e).

Employer's network. Employer is based in Wisconsin, whereas Claimant worked in Pennsylvania.

Beginning in October 2014, Employer asked Claimant to sign an Employee Accountability Form (Form). Employer also repeatedly requested that Claimant backup all company data on his personal computer and provide it to Employer on a regular basis. Claimant did not backup company files as asked. He also refused to sign the Form without altering its original terms, despite Employer's warning that refusing to sign it constituted grounds for termination. This conduct resulted in Claimant's discharge from employment.

Claimant applied for UC benefits, which a local service center denied. He then appealed to a referee who held a hearing. Claimant testified on his own behalf. Employer presented the testimony of the following witnesses: Director of Operations, Jesse Povlich (Director); Office Manager, Marilyn Povlich (Office Manager); and, Employer's President, John Povlich (President). Neither party was represented by counsel at the hearing.

The referee affirmed the denial of UC benefits, reasoning that Claimant committed willful misconduct by disregarding Employer's reasonable directives. The referee made the following pertinent findings:

> 2. As an outside salesperson, [Claimant] worked remotely, and worked from his personal computer without connecting to [Employer's] computer system or network.
>
> 3. [Employer] performs a daily backup of all company information on its network.

2

4. On October 2, 2014, [Employer] requested via email that [Claimant] backup all company data and files on his personal computer, and provide that information on an external hard drive to [Employer] on a quarterly basis.

5. [Employer] requested that [Claimant] provide the first backup of files to [Employer] by October 13, 2014.

6. On October 6, 2014, [Employer] followed up with [Claimant] via email, offering to assist [Claimant] [in] performing the backup of computer files if he needed assistance.

7. On October 13, 2014, [Claimant] had not provided any backup hard drive to [Employer].

8. On October 13, 2014, [Employer] emailed [Claimant], again requesting that he complete a backup of company data and files on his computer.

9. On October 16, 2014, [Employer] circulated [a] [Form] to seven management and sales employees, requesting that they sign and return the Form to the employer by October 21, 2014.

10. The [Form] was essentially a confidentiality agreement with regard to company information.

11. On October 21, 2014, [Claimant] returned the [Form] with his signature, but also with significant changes that he had made himself to the document.

12. On October 29, 2014, [Employer] sent [Claimant] a letter, stating that the changes he had made to the [Form] were not acceptable, and that he had until November 12, 2014, to sign and return the original form.

13. Also in the October 29, 2014, letter, [Employer] provided [Claimant] a new deadline of November 17, 2014, to provide the backup extra hard drive of company data and files from his computer, as he had not yet complied with that request.

14. On November 3, 2014, [Claimant] emailed [Employer], stating that he would not backup the company data and files on his computer.

3

15. [Employer] did not receive any other response from [Claimant] regarding the [Form] or backup external hard drive by November 24, 2014.

16. On November 24, 2014, [Employer] mailed [Claimant] a letter with a new deadline of December 22, 2014, to both provide [it] with a backup external hard drive of the company data and files from his computer, and also to sign and return the [Form].

17. Also in the November 24, 2014, letter, [Claimant] was advised that if he failed to comply with [Employer's] requests, he would be discharged from employment.

18. On December 17, 2014, [Claimant] emailed [Employer] and attached a list of contacts from his computer, purportedly in an attempt to provide backup information from his computer.

19. On December 18, 2014, [Employer] responded to [Claimant] via letter, advising him that the list of contacts that he had provided was not sufficient to comply with [its] request for a backup of the company data and files from his personal computer, and provided [Claimant] with a new deadline of December 31, 2014, to provide that information.

20. The December 18, 2014, letter also reminded [Claimant] of the deadline of December 22, 2014, to complete the [Form].

21. In the December 18, 2014, letter, [Claimant] was warned that he would be discharged from employment if he failed to comply with [Employer's] requests.

22. [Claimant] sent an external drive to [Employer] on January 2, 2015, which contained only two files, and did not comply with [Employer's] request for the backup information.

23. [Claimant] never signed and returned the [Form] after the original, altered version he had sent back in October 2014.

4

Referee's Dec., 4/17/15, Findings of Fact (F.F.) Nos. 2-23. The referee determined Claimant was insubordinate. Claimant appealed to the Board.

The Board affirmed, "adopt[ing] and incorporat[ing] the [r]eferee's findings and conclusions, except" as to its modification of Finding of Fact No. 1 to reflect Claimant was a part-time employee. Bd. Op., 6/11/15, at 1. The Board also found "[E]mployer made two reasonable directives and provided [C]laimant ample opportunity to comply." Id. It discredited Claimant's explanation that it was a ploy to replace him with a younger employee when all office and sales employees were required to comply with the same requests. Claimant now petitions for review.

## II. Discussion

On appeal,[2] Claimant challenges the reasonability of Employer's directives. He claims he attempted to comply with Employer's directive to backup company files kept on his computer, but he was unable to do so. He also asserts Employer's directive to sign the Form without modification was unreasonable. Claimant contends Employer imposed these requirements knowing Claimant would decline in order to encourage him to leave employment.

The Board's findings of fact "are conclusive on appeal as long as they are supported by substantial evidence" in the record. Phila. Gas Works v. Unemployment Comp. Bd. of Review, 654 A.2d 153, 157 (Pa. Cmwlth. 1995).

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Doyle v. Unemployment Comp. Bd. of Review, 58 A.3d 1288 (Pa. Cmwlth. 2013).

Substantial evidence is evidence which a reasonable mind would accept as adequate to support a conclusion. Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012). We also review the evidence in favor of the prevailing party below. Gibson v. Unemployment Comp. Bd. of Review, 760 A.2d 492 (Pa. Cmwlth. 2000).

Section 402(e) of the Law provides, "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge ... from work for willful misconduct connected with his work ...." 43 P.S. §802(e). Willful misconduct is defined by the courts as: (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. Johnson v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth. 2014) (citing Grieb v. Unemployment Comp. Bd. of Review, 827 A.2d 422 (Pa. 2002)). The employer bears the burden of establishing a claimant engaged in willful misconduct. Johnson.

The issue of whether a claimant's conduct constitutes willful misconduct is a question of law. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Where the determination of willful misconduct is based on the violation of a directive, an employer must establish the existence of the directive, the reasonableness of the directive, the claimant's knowledge of the directive, and its violation. Id. Once an employer proves a violation, the burden shifts to the claimant to establish good cause, "such

6

that [his] actions were justified or reasonable under the circumstances." Chapman v. Unemployment Comp. Bd. of Review, 20 A.3d 603, 609 (Pa. Cmwlth. 2011). If a claimant had "good cause for the conduct, it was not willful misconduct." Rossi v. Unemployment Comp. Bd. of Review, 676 A.2d 194, 198 (Pa. 1996).

Here, Employer discharged Claimant for failing to follow two directives: (1) backing up and providing all company information stored on his personal computer; and, (2) signing the Form as drafted by Employer.

**A. Reasonable Directive**

In determining whether a directive is reasonable, "[w]e must evaluate both the reasonableness of the employer's request in light of all the circumstances and the employee's reasons for non[-]compliance." Devine v. Unemployment Comp. Bd. of Review, 429 A.2d 1243, 1244 (Pa. Cmwlth. 1981). "If the employer's request is reasonably related to the employee's job duties, the employee's refusal to cooperate can be viewed as a disregard of the standards of behavior expected of employees, which, as a matter of law, constitutes willful misconduct." ATM Corp. of Am. v. Unemployment Comp. Bd. of Review, 892 A.2d 859, 866 (Pa. Cmwlth. 2006) (citation omitted).

As to the backing up and provision of company files, Employer had a legitimate interest in ensuring company data was not lost and was accessible as part of its records management. Employer backed up its computer network regularly; however, it could not access the work Claimant performed on his personal computer. To address that gap, Employer required Claimant to backup

7

company information on his computer to protect company information "in the event his laptop were to crash." See Referee's Hr'g, Notes of Testimony (N.T.), 4/16/15, at 14. The Board credited Employer's explanations in this regard. Bd. Op. at 1.

As to Claimant signing the Form, substantial evidence supports the Board's finding that the Form is essentially a confidentiality agreement. F.F. No. 10; see N.T. at 10. The Form consists of seven "I will" statements agreeing to maintain the confidentiality of Employer's information. Referee's Hr'g, Ex. 9. Claimant crossed out certain statements, including: "I will maintain privacy and confidentiality with regard to all company matters[,]" and "[I] will maintain strict confidentiality of all transactions." Referee's Hr'g, Ex. 10; N.T. at 29-30 (Claimant's testimony).

Protection of company information is a genuine and legitimate concern. "It is beyond peradventure that Employer has a legitimate need to protect the confidential information of its customers to which … employees, including Claimant, have daily access." ATM Corp., 892 A.2d at 866. The Form was designed to protect confidential information to which Claimant had access as an employee. Therefore, requiring Claimant to sign the Form, and thereby agree to maintain confidentiality of Employer's information, was reasonable.

Next, we consider whether Claimant's refusal to comply with these directives was reasonable under the circumstances.

## B. Good Cause

Claimant bears the burden of proving his refusal to follow Employer's directives was reasonable, supplying good cause for his non-compliance. <u>Devine</u>.

## 1. Confidentiality Form

Claimant argues the Form was overly broad as originally drafted. Further, he claims the Form changed his conditions of employment. He also asserts the terms were so ambiguous that the Form could be construed as a non-compete agreement. He contends that by signing the Form with modifications, he complied. We disagree.

First, the Form did not constitute a substantial unilateral change in the conditions of his employment. <u>Shrum v. Unemployment Comp. Bd. of Review</u>, 690 A.2d 796 (Pa. Cmwlth. 1997) (requirement to sign confidentiality agreement was not a unilateral change in conditions of employment or necessary grounds for voluntary termination). Thus, Claimant's refusal to sign it was not justified for that reason.

Second, the Form was not ambiguous. <u>See</u> Referee's Hr'g, Ex. 9. In correspondence that is part of the record, Employer clarified the meaning of some terms Claimant crossed out. N.T. at 12-13 (Director's testimony); Referee's Hr'g, Ex. 11 (President's letter, 10/29/14). Also, Employer attempted to accommodate Claimant's concerns by deleting language to which Claimant objected. N.T. at 11-13; <u>see</u> Referee's Hr'g, Ex. 12. Claimant did not raise new objections after Employer modified the Form. N.T. at 22 (Office Manager's testimony). Moreover,

Employer allowed Claimant ample time to sign the Form, repeatedly extending the deadline for completion. F.F. Nos. 16, 17, 20, 22; N.T. at 8, 11-13, 22. Despite Employer's clarification and accommodation of his concerns, Claimant did not sign the Form. F.F. No. 23; N.T. at 29-30. Rather, he insisted his initial submission of the Form, with his modifications, "was sufficient." N.T. at 29.

Lastly, there is no support for Claimant's contention that the confidentiality provisions amounted to a non-compete agreement. Referee's Hr'g, Ex. 10. The Form did not preclude competition or set forth any limitations as to future employment. Id.

Based on these circumstances, Claimant did not establish good cause for his refusal to sign the Form. Thus, his non-compliance constitutes willful misconduct. See, e.g., Zimmerman v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 977 C.D. 2013, filed December 12, 2013) (unreported), 2013 WL 6568911 (a claimant's distrust of potential constructions of a policy was not good cause for refusal).

A claimant's refusal of one reasonable directive constitutes willful misconduct that renders him ineligible for UC benefits. See Devine. Nonetheless, in the interest of completeness, we consider whether Claimant's explanation for refusing to backup the company files on his computer was reasonable under the circumstances.

## 2. Computer Backup of Company Information

Claimant contends he had good cause for refusing Employer's directive. He asserts the term "company files" is vague. He also contends he provided Employer with all relevant files when he sent an external drive to Employer containing two files. Neither justification is supported by the record.

From our review of the record, Claimant outright refused to comply with the directive to backup the company information on his personal computer. F.F. No. 14. Indeed, he responded to Employer's directive as follows:

> Since you never provided a computer for my work, <u>I will not backup my computer to your files</u> for it contains information prior to my employment and is considered personal. It is my personal computer. I asked [Employer] to provide office equipment several times in the past and I was refused … I also asked [Employer] to purchase for me a corresponding ACT program that I would keep customer records on, this never happened.

Referee's Hr'g, Ex. 8 (emphasis added).

We discern no merit in Claimant's allegation that Employer's request placed his personal information at risk. There is no support for his contention that Employer sought access to his entire hard drive or to any information on his personal computer other than company information. Employer did not request access to Claimant's computer or seek his private information.

We likewise reject Claimant's contention that Employer's request for Claimant to backup company files on his computer was vague. The request for a

hard drive backup of files was limited to "company data and files." F.F. Nos. 14, 16; N.T. at 14 ("all data and files pertaining to [Employer]"). Specifically, Employer requested a "quarterly back-up of all [Employer] related work that you have on your personal computer." Referee's Hr'g, Ex. 8. Had Claimant required additional detail in order to comply, it was incumbent upon him to inquire. He did not seek clarification. Rather, he sent Employer limited information that did not constitute a backup of all company information. N.T. at 23, 31.

Claimant's purported inability to separate Employer's company files from his personal and prior employer files, does not excuse his non-compliance here. The record reflects Employer attempted to accommodate Claimant by repeatedly extending the deadlines for compliance. F.F. Nos. 5, 13, 16, 19; N.T. at 15-16, 22-23. Employer also offered to assist Claimant in performing the computer backup if necessary. F.F. No. 6; N.T. at 16, 22; Referee's Hr'g, Ex. 12. Employer suggested he seek assistance at a computer store if necessary. N.T. at 22; Referee's Hr'g, Ex. 13. Claimant made no effort to obtain assistance regarding the requested backup. N.T. at 25-26. Claimant's testimony that he sought assistance from other employees was irrelevant because it did not pertain to the backup of his files. Id. at 31. Regardless, the Board did not credit his testimony. Bd. Op. at 1.

In sum, Claimant did not establish good cause for refusing to comply with Employer's reasonable directives. Substantial evidence supports the Board's finding that Employer warned Claimant that his non-compliance with its directives would result in his discharge. F.F. Nos. 17, 21.

12

### III. Conclusion

As the Board's findings that Claimant violated Employer's directives are supported by substantial evidence, and Claimant did not establish good cause for his non-compliance, we affirm the Board.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Ackerman,                              :
                        Petitioner            :
                                              :
            v.                                :      No. 1156 C.D. 2015
                                              :
Unemployment Compensation                     :
Board of Review,                              :
                        Respondent            :

# **O R D E R**

    **AND NOW**, this 2nd day of March, 2016, the order of the Unemployment Compensation Board of Review in the above-captioned matter is **AFFIRMED**.


                                     _____
                                     ROBERT SIMPSON, Judge