# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination,   :
                  Petitioner   :
                        :
          v.            :  No. 920 C.D. 2019
                        :  SUBMITTED: May 15, 2020
Unemployment Compensation Board   :
of Review,                    :
             Respondent   :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: June 9, 2020**

      Employer, Casey Ball Supports Coordination, petitions for review of an order of the Unemployment Compensation Board of Review that reversed the order of a referee. The referee had determined that Claimant, Tara K. Dieteman, was ineligible for unemployment compensation benefits because her actions constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm the adjudication of the Board.

      The facts found by the Board are as follows. Employer provides case management services to senior citizens and individuals with physical disabilities. Claimant worked as a full-time service coordinator and her duties included making contact with consumers and inputting information into a computer following her encounters. She worked for Employer from July 18, 2015, until February 26, 2019, at a final hourly rate of $18.00. (Board's June 21, 2019, Decision, Finding of Fact "F.F." No. 1.)

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

In January 2019, Employer's billing procedures changed when it partnered with Pennsylvania Health and Wellness (PHW). A managed care organization, PHW monitored Employer on a monthly basis. (F.F. Nos. 2 and 3.) Although both PHW and Employer discussed billing and documentation with the employees, PHW did not have specific guidelines for Employer's billing practices. (F.F. No. 4.) Additionally, even though PHW had a portal into which the person providing services had to enter all information regarding the services provided, the portal did not always work correctly. (F.F. Nos. 6 and 7.) Nonetheless, "PHW would go through consumer files which [were] red flagged and discuss with [E]mployer a plan of action relative to the employee who had been involved with the files[.]" (F.F. No. 5.) This review could lead to an employee's discharge from employment. (*Id*.)

On February 22, 2019, Employer had a staff meeting at which time it discussed billing procedures. Guidelines included "nobody should be billing excessively" and if billing for greater than two hours, "they better have a really, really thorough note." (F.F. No. 8.) Following an audit, PHW red-flagged Claimant's files when she "billed for more hours than PHW wanted[.]" (F.F. No. 10.) In addition, "[t]here was a lack of documentation of [C]laimant making monthly contacts with consumers." (F.F. No. 9.) Consequently, four days after the staff meeting, Employer discharged Claimant for billing fraud and not complying with company policies and procedures. (F.F. No. 12.) The Indiana UC Service Center denied her application for unemployment compensation benefits pursuant to Section 402(e) of the Law.

On appeal, the referee conducted a hearing at which Claimant appeared pro se and Employer's owner, Casey Ball, appeared with counsel. The referee denied benefits, determining that Employer met its burden of establishing willful

misconduct. Specifically, the referee credited the testimony of Ms. Ball that Employer and PHW repeatedly explained to all staff the billing procedures and the amount to be billed per consumer but that Claimant failed to input the appropriate documentation into the portal, failed to account for the services that she provided, and billed in excess of what was permissible. The Board reversed, resolving all conflicts in testimony in favor of Claimant. Employer's petition for review followed.

Employer argues that the referee correctly determined that Claimant's actions constituted willful misconduct and that Employer carried its burden of establishing that willful misconduct. Additionally, Employer maintains that the Board erred in disturbing the referee's credibility determination and findings of fact, reversing the referee's decision, and issuing its own decision. Employer's arguments are without merit.

We turn first to the Board's issuance of its own decision. Contrary to Employer's suggestion, the Board is the ultimate finder of fact in unemployment compensation cases with the power to determine credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1388 (Pa. 1985); *Oliver v. Unemployment Comp. Bd. of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010). The Board's findings of fact are conclusive on appeal when the record, in its entirety, contains substantial evidence supporting those findings. *Oliver*, 5 A.3d at 438. Additionally, although Employer challenged the legality of the Board's issuance of findings of fact, Employer failed to make specific challenges to any of those findings. Accordingly, the findings are conclusive on appeal. *Campbell v. Unemployment Comp. Bd. of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997).

Where, as here, both parties submitted evidence, there was no need for the Board to specify why it deviated from the referee's findings of fact and

3

conclusions of law. *Peak*, 501 A.2d at 1386-87; *Hasely v. Unemployment Comp. Bd. of Review*, 553 A.2d 482, 487 (Pa. Cmwlth. 1989). Consequently, the fact that the referee personally observed the witnesses is of no moment. Finally, as long as there is substantial evidence for the Board's findings, "[t]he fact that Employer may have produced witnesses who gave a different version of the events, or that Employer might view the testimony differently than the Board, is not grounds for reversal . . . ." *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Here, the Board credited Claimant's testimony and we cannot overturn that credibility determination on appeal. *Fitzpatrick v. Unemployment Comp. Bd. of Review*, 616 A.2d 110, 111 (Pa. Cmwlth. 1992). We are bound to view the evidence in the light most favorable to Claimant, as the party who prevailed before the Board, and give her the benefit of all inferences that can logically and reasonably be drawn from the testimony. *Chapman v. Unemployment Comp. Bd. of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). Mindful of the foregoing, we turn to the merits of the willful misconduct determination.

Section 402(e) of the Law provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." 43 P.S. § 802(e). The term "willful misconduct" has been defined to include: (1) the wanton and willful disregard of the employer's interests; (2) the deliberate violation of work rules; (3) the disregard of standards of behavior which an employer can rightfully expect of its employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Review*, 957 A.2d 786, 792 (Pa. Cmwlth. 2008). While we must defer to the Board's fact finding

4

regarding the claimant's conduct, whether those actions constitute willful misconduct is a question of law over which we exercise plenary review. *Frazier v. Unemployment Comp. Bd. of Review*, 833 A.2d 1181 (Pa. Cmwlth. 2003).

Additionally, the employer bears the initial burden of proving that the claimant engaged in willful misconduct. *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1162 (Pa. Cmwlth. 2012). If the willful misconduct charge is based upon a violation of a work rule, the employer must prove the existence of the rule and its violation. *Caterpillar, Inc. v. Unemployment Comp. Bd. of Review*, 703 A.2d 452, 456 (Pa. 1997). The Court will examine whether the work rule is reasonable in light of all of the circumstances and, if so, whether claimant had good cause to violate the rule. *Id*. Reasonableness is determined by whether the employer's application of the rule under the circumstances is fair, just and appropriate to pursue a legitimate interest. *Id*.

In concluding that Claimant's actions did not constitute willful misconduct, the Board took into consideration the fact that Employer admitted that there were problems with PHW's portal when employees attempted to input information and that PHW did not have any specific guidelines for how Employer was to bill.[2] (Board's Decision at 2-3.) In addition, the Board noted the lack of specificity of the guidelines discussed at the staff meeting.[3] Considering the fact that the change in billing procedures occurred in January 2019, that "significant

---

[2] (April 25, 2019, Hearing, Notes of Testimony "N.T." at 8 and 15; Reproduced Record "R.R." at 71a and 78a.)

[3] Employer references post-termination emails as support for the existence of specific policies and guidelines for billing. (Employer's Brief at 14) (citing N.T. at 9-11; R.R. at 72a-74a and Employer's Hearing Ex. No. 1 at 2-4; R.R. at 87a-89a). However, there is no indication that Employer conveyed such policies to Claimant while she remained an employee. Consequently, Employer failed to establish the existence of specific rules or guidelines in accordance with the relevant criteria. *Caterpillar, Inc*.

clarification about such procedures was ongoing to all staff through February [2019]," and that Employer discharged Claimant a mere four days after the staff meeting, the Board concluded that Employer did not establish willful misconduct.[4] (*Id.* at 3.) The Board rejected any suggestion that Claimant's actions constituted fraudulent overbilling. Instead, it opined that "[a]t worst, [Claimant's] conduct was more akin to negligence or poor work performance, neither of which is willful misconduct." (*Id.*) Notably, incompetence, inexperience or inability do not constitute willful misconduct. *Ungard v. Unemployment Comp. Bd. of Review*, 442 A.2d 16, 19 (Pa. Cmwlth. 1982).

Because we conclude that the Board did not err in determining that Employer failed to sustain its burden of establishing that Claimant's actions constituted willful misconduct, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[4] Although the Board found that Claimant had warnings in 2017 for billing and in 2018 for answering emails, it concluded that they were relatively immaterial given the fact that they preceded the new billing procedures. (Board's Decision at 3.) Indeed, remoteness is a factor in assessing willful misconduct. *See Tundel v. Unemployment Comp. Bd. of Review*, 404 A.2d 434, 436 (Pa. Cmwlth. 1979) (the remoteness doctrine provides that "[a]n incident of willful misconduct cannot be so temporally remote from the ultimate dismissal and still be the basis for a denial of benefits").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination,    :
                   Petitioner    :
                                :
           v.               :    No. 920 C.D. 2019
                                :
Unemployment Compensation Board    :
of Review,                       :
                  Respondent   :

# O R D E R

AND NOW, this 9th day of June, 2020, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge